UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
JUAN CARLOS GINARTE,                      )
                                          )
          Plaintiff,                      )
                                          )
              v.                          )        Civil Action No. 06-2216 (RJL)
                                          )
ROBERT S. MUELLER, III, <u>et al.</u>,         )
                                          )
          Defendants.                     )
_____)

### <u>DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT</u>

Defendants, identified in the complaint as Robert S. Mueller, III, Director of the Federal

Bureau of Investigation, and Alberto Gonzales, Attorney General of the United States, by and

through undersigned counsel, respectfully move for dismissal of claims against improper

defendants under Fed. R. Civ. P. 12(b)(1) and (6), and for summary judgment in favor of the

Department of Justice pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The grounds

for this motion are set forth in the accompanying Defendants' Memorandum in Support of

Motion to Dismiss and for Summary Judgment.  This motion is supported by the Declaration of

David M. Hardy, Section Chief of the Record/Information Dissemination Section ("RIDS"),

Records Management Division at the Federal Bureau of Investigation.  A statement of material

facts not in genuine dispute and a draft order are attached.

          Dated: August 3, 2007.

                              Respectfully submitted,


                              _____
                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                              United States Attorney

_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____

JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W - Room E4822.
Washington, D.C.  20530
(202) 514-7161
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JUAN CARLOS GINARTE,                                )
                                                    )
        Plaintiff,                                  )
                                                    )
        v.                                          )        Civil Action No. 06-CV-2216 (RJL)
                                                    )
ROBERT S. MUELLER, III, et al.,                     )
                                                    )
        Defendants.                                 )
_____)

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

        Plaintiff seeks access to information about himself in the files of the Federal Bureau of

Investigation ("FBI"), a component of the Department of Justice.  See Complaint, ¶ 8 [Docket

Entry No. 1].  He submitted his request to the FBI Headquarters and the FBI field offices in

Washington, D.C., Jacksonville, Miami, Tampa, Baltimore, Newark, New York, Norfolk, and

Richmond as well as the U.S. Department of Justice ("DOJ") Office of Intelligence Policy and

Review ("OIPR").  See Declaration of David M. Hardy ("Hardy Decl.") ¶ 5.  Because the

primary relief sought is production of records, this case should be analyzed under the Freedom of

Information Act, 5 U.S.C. § 552 ("FOIA").

        Defendants, identified in the complaint as Robert S. Mueller, III, Director of the Federal

Bureau of Investigation and Alberto Gonzales, Attorney General of the United States, therefore,

respectfully request that this case be dismissed as to them and that summary judgment be entered

for the Department of Justice.[1]  Defendants have not withheld responsive documents because the

_____

        [1]  Because the complaint suggests that named individual defendants are sued in their
official capacity only, undersigned counsel has not obtained from the Department of Justice

FBI does not possess any responsive documents.  As a result, this Court lacks jurisdiction over

plaintiff's FOIA claims.

### Statement of Facts

By letter dated October 9, 2006, plaintiff submitted a request to FBIHQ as well as to the

FBI's Baltimore, Jacksonville, Miami, New York, Newark, Norfolk, Richmond, Tampa, and

Washington, D.C. field offices, as well as the U.S. Department of Justice ("DOJ") Office of

Intelligence Policy and Review ("OIPR")[2] seeking disclosure of any records[3], documents, files,

communications, memoranda, orders, agreements and/or instructions created from **January 1,**

**1995**, to the present, that were prepared, received, transmitted, collected and/or maintained by the

Federal Bureau of Investigation, the Department of Justice, or any of their components or field

offices, including but not limited to the following:

1. Any records, order, agreement, or accommodation relating or referring to

Ginarte, including but not limited to records that document any monitoring, surveillance,

---

representation authority for them in their personal capacities.  This motion is filed on their behalf
in their official capacities; however, nothing in this motion should be deemed to waive any
defenses they might have in their personal capacities, including but not limited to, immunity.
Although the U.S. Department of Justice is the only proper defendant in this case (discussed in
Section A supra) , for ease of convenience, we will refer to the party being sued as "defendants"
in this motion.

[2]  Plaintiff's February 6, 2006 request for information about himself from FBIHQ is the
subject of Ginarte v. Mueller, Civ. A. No. 06-CV-1222 (D.D.C.).  In response to that request**,** the
FBI previously informed plaintiff that a search of FBIHQ records also yielded a "no record"
response.  Defendant's dispositive motion is ripe for disposition as of the filing of this motion.

[3]  Plaintiff's request defines the term "records" to include "all records or communications
preserved in electronic or written form, including but not limited to correspondence, documents,
data, videotapes, audiotapes, faxes, files, guidance, guidelines, evaluations, instructions,
analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules,
technical manuals, technical specifications, training manuals, or studies."

observation, questioning, interrogation, investigation, infiltration and/or collection of information relating to Ginarte.

2.  Any records relating or referring to how, why or when Ginarte was selected to be a subject of monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration and/or collection of information.

3.  Any policies or procedures for cross-referencing records about Ginarte.

4.  Any policies or procedures regarding retention and destruction of records about himself.

Hardy Decl. ¶ 5 & Exhibit A (emphasis in original).  In addition, plaintiff provided a Privacy Waiver and Certification of Identity executed on October 4, 2006, for records relating to himself to be released to his attorney, Jonathan L. Katz.  Id. & Exhibit B.

FBIHQ sent two letters to Plaintiff's counsel in November 2006.  Hardy Decl. ¶¶ 6, 7.  By letter dated November 13, 2006, FBIHQ acknowledged receipt of requests to the Baltimore, Washington, and New York field offices and advised plaintiff's counsel that these requests were forwarded to FBIHQ for handling and assigned FOIPA #1062246-000.  Hardy Decl. ¶ 6 & Exhibit C.  Plaintiff's counsel was further advised that a search of the indices to the Central Records System ("CRS") at FBIHQ was being conducted, and he would be informed of the results as soon as possible.  Id.  By letter dated November 21, 2006, FBIHQ advised plaintiff's counsel that in further response to his request, additional FOIPA requests were referred to FBIHQ for handling from the Norfolk, Jacksonville, Richmond, Newark, Miami and Tampa field offices.  Hardy Decl. ¶ 7 & Exhibit D.  Plaintiff's counsel was further advised that a search of the

indices to the Central Records System at FBIHQ was being conducted, and he would be notified of the results once the search was completed.  Id.

After conducting the search, Defendants found no records responsive to plaintiff's FOIA/Privacy Act request and notified plaintiff's counsel of this fact.  See Hardy Decl. ¶ 8 & Exhibit E.  By letter dated February 5, 2007, FBIHQ advised plaintiff's counsel that a search of the automated indices to the Central Records System at FBIHQ, as well as Baltimore, Jacksonville, Miami, Newark, New York, Norfolk, Richmond, Tampa and Washington field offices located no records responsive to plaintiff's FOIA/Privacy Act request.  Id.  Plaintiff was further advised that he could appeal the FBI's "no record" response by writing the Office of Information and Privacy ("OIP") within sixty (60) days from the date of the FBI's letter.  Id.

As a result of an inadvertent administrative error, the FBI once again advised plaintiff's counsel, by letter dated May 16, 2007, that a search of the automated indices to the Central Records System at FBIHQ, as well as Baltimore, Jacksonville, Miami, Newark, New York, Norfolk, Richmond, Tampa and Washington field offices located no records responsive to plaintiff's FOIA/Privacy Act request.  Hardy Decl. ¶ 9 & Exhibit F.  Plaintiff was further advised that he could appeal the FBI's "no record" response by writing to the OIP within sixty (60) days from the date of the FBI's letter.  Id.

Plaintiff constructively exhausted his administrative remedies when he did not receive a response from Defendants within twenty (20) days of receipt of his request.  See Thomas v. FAA, No. 05-2391, 2007 U.S. Dist. LEXIS 5260, at *12 (D.D.C. Jan. 25, 2007) (stating that agency's failure to respond to FOIA request within twenty days constitutes constructive exhaustion of

- 4 -

administrative remedies).  Plaintiff instituted this action on December 27, 2006.  <u>See</u> Docket
Entry No. 1.

**Argument**

Although the FOIA provides generally a statutory right of access to certain government
information, it allows government agencies to withhold certain types of information because,
among other reasons, Congress recognized the danger to law enforcement investigations,
personnel, and others posed by public disclosure.  Accordingly, FOIA directs government
agencies to disclose agency records to citizens who request them, unless the requested records
fall within one of FOIA's nine enumerated exemptions.  Summary judgment is appropriate when,
as here, the pleadings, together with all of the declarations, demonstrate that there is no genuine
issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed.
R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986); <u>Alyeska Pipeline Serv.
Co. v. EPA</u>, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to
preclude entry of summary judgment); <u>Weisberg v. Department of Justice</u>, 627 F.2d 365, 368
(D.C. Cir. 1980).  The Court exercises <u>de novo</u> review over FOIA matters, and the burden is on
the agency to justify all nondisclosures.  5 U.S.C. § 552(a)(4)(B); <u>Department of Justice v.
Reporters Comm. For Freedom of the Press</u>, 489 U.S. 749, 755 (1989).  In carrying its burden of
proof, agencies may rely on declarations of government officials which courts normally accord a
presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed
and submitted in good faith.  <u>Oglesby v. Department of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990);
<u>see Hayden v. National Security Agency</u>, 608 F.2d 1381, 1387 (D.C. Cir. 1979); <u>Pharmaceutical

Mfg. Ass'n v. Weinberger, 411 F. Supp. 576, 578 (D.D.C. 1978). Once the Court determines

that the declarations are sufficient, it need not inquire further.

### A.    Plaintiff Cannot Proceed Under FOIA Against The Individually Named Defendants and the Only Proper Defendant is DOJ.

Plaintiff seeks the production of all records associated with himself as well as any

policies or procedures regarding cross-referencing records about himself and retention and

destruction of records about himself. See Hardy Dec. ¶ 5 & Exhibit A. Under 5 U.S.C. §

552(a)(4)(B) and (f)(1), the only proper defendant in this case is the United States Department of

Justice. Importantly, FOIA authorized civil actions only against federal agencies, and not against

their individual employees. See 5 U.S.C. § 552(a)(4)(B); Sherwood Van Lines, Inc. v. United

States Department of the Navy, 732 F. Supp. 240, 241 (D.D.C. 1990). The individually named

defendants are the Director of the FBI and the Attorney General of the United States. See

Compl. at ¶¶ 6-7. Accordingly, plaintiff cannot state a claim against them under the FOIA, and

all claims against the individually named defendants should be dismissed. Fed. R. Civ. P.

12(b)(1) & (6).

Additionally, plaintiff has failed to identify a valid waiver of sovereign immunity other

than the FOIA. The FOIA allows only for injunctive relief. 5 U.S.C. § 552(a)(4)(B). Thus, to

the extent that plaintiff seeks any relief against the individual defendants in their official

capacities under the FOIA, he fails to cite any applicable waiver of sovereign immunity. When

sued in their official capacities, government officials are not personally liable for damages; rather

the damages action is equivalent to one against the government itself. See Atchinson v. District

of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996). That plaintiff may have named (or sought to

name) a federal employee as a defendant in her official capacity does not operate to evade the immunity of the sovereign.  See Clark v. Library of Congress, 750 F.2d 89, 102-04 (D.C. Cir. 1984) (sovereign immunity acts as a bar to a damages remedy against the Librarian of Congress in an official capacity).  Indeed, sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity.  Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985).  Accordingly, plaintiff's claims for any relief other than the production of documents by the Department of Justice should be dismissed. Fed. R. Civ. P. 12(b)(1) and (6).[4]

The only proper defendant under the FOIA is the agency rather than individual components of the agency.  5 U.S.C.§ 552(a)(4)(B); 5 U.S.C. § 552(f)(1).  The term "agency," for purposes of the statute, is defined as "any Executive department, military department, Government corporation, Government-controlled corporation, or other establishment in the executive branch of the Government . . . or any independent regulatory agency."  5 U.S.C. § 552(f).  The term "Executive department" is further defined in Title 5 as a cabinet-level agency. See 5 U.S.C. § 105.  The Department of Justice ("DOJ") is included in the list of cabinet-level

---

[4]  The factual allegations "must be enough to raise a right to relief above the speculative level," and that a plaintiff must make "a 'showing,' rather than a blanket assertion, of entitlement to relief.'"  Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007).  Thus, although the factual allegations of the complaint must be taken in the light most favorable to plaintiff, and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader, id., the complaint must set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief can be granted.  Caudle v. Thomason, 942 F. Supp. 635, 638 (D.D.C. 1996).

agencies that fall within the definition of "Executive department." And, for example, the FBI is a component of DOJ. 28 C.F.R. Part 0, Subpart P. As such, FBI is not an "agency" within the definition of the FOIA. Accordingly, the only proper defendant in this action is the United States Department of Justice ("DOJ").[5]

**B.      DOJ Has Not Withheld Any Documents.**

To prevail in a FOIA case, a plaintiff must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989), quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980); see 5 U.S.C. § 552(a)(4)(B). To obtain summary judgment in its favor, the agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records. Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the absence and discoverability of documents. Safeguard Servs., Inc. v. Securities & Exchange Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991). The issue is not whether there might exist any other records possibly responsive to the request, but rather whether

---

[5] Although the D.C. Circuit suggested in *dicta* in Peralta v. Executive Office for U.S. Attorneys, 136 F.3d 169, 173 (D.C. Cir. 1998), that the FBI might "be subject to the FOIA in its own name," on remand, the District Court held that DOJ was the proper defendant and observed that DOJ's regulations provide for its components to respond to FOIA requests. See Peralta v. Executive Office for U.S. Attorneys, 69 F.Supp.2d 21, 31 (D.D.C. 1999) (memorandum granting reconsideration on substituting DOJ for the U.S. Attorney's Office for the Central District of California and reversing addition of EOUSA and FBI as parties). Here, as in Peralta, FBI responded to plaintiff's FOIA request and DOJ is defending FBI's response. Thus, the selection of DOJ or FBI as the proper defendant makes little, if any, practical difference. Of greater significance is the fact that neither the Director of the FBI nor the Attorney General of the United States are properly identified as defendants.

the actual search for responsive records was reasonable.  Id.; Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986).  The agency can establish the reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and made in good faith.  Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d 121, 125-26 (D.C. Cir. 1982).  As long as the agency submits detailed affidavits showing the scope and method of the search, then, in the absence of countervailing evidence, or apparent inconsistency of proof, dismissal or summary judgment is appropriate in its favor.  Perry v. Block, 684 F.2d at 127.

The agency's search should be reasonably calculated to uncover all responsive records. Weisberg, 745 F.2d at 1485.  Therefore, an agency should search those offices or components reasonably likely to have responsive records.  Knight v. Food & Drug Admin., 938 F. Supp. 710, 716 (D. Kan. 1996).  The FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request when responsive documents are likely to be located in one place.  Marks v. United States Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978).  Nor does the FOIA require that an agency search every record system.  Oglesby v Dep't. of Army, 920 F.2d at 68.  Furthermore, the agency is not required to speculate about potential leads to the location of the responsive documents.  Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996).

In this case, FBI began by searching its Central Records System ("CRS") which contains all information FBI acquires in the course of its law enforcement responsibilities.  See Hardy Decl. ¶¶ 10, 16.  Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices.  Id. ¶ 10.  The Central Records System contains literally millions of records organized through subject matter

and identifying numerical sequences assigned to each document, and FBI searches it by using its Automated Case Support System ("ACS"). <u>See id</u>. ¶¶ 10, 14. The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated. <u>Id.</u> ¶ 11. ACS can be described as an internal computerized subsystem of the CRS. <u>Id.</u> Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched. <u>Id.</u> Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS. <u>Id.</u>

The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[6] Hardy Decl. ¶ 12. Searches made in the General Indices to locate records concerning a particular subject, such as Juan Carlos Ginarte, are made by searching the subject requested in the index. <u>Id.</u> at ¶ 13. The ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases: (a) Investigative Case Management ("ICM"), (b) Electronic Case File ("ECF"), and (c) Universal Index ("UNI"). Hardy Decl. ¶ 14. ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads. <u>Id.</u> ECF serves as the central electronic repository for the FBI's official text-based documents. <u>Id.</u> UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. <u>Id.</u> UNI, an index of

---

[6] The General Indices are not only automated but also include index cards which allow a manual search for records that pre-dated the implementation of ACS on October 16, 1995. Hardy Decl. ¶ 13.

approximately 98.2 million records, functions to index names to cases, and to search names and cases for use in FBI investigations.  Id.  Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.  Id.

The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent ("SA") assigned to work on the investigation, the supervisor in the field office conducting the investigation, and the supervising SA at FBIHQ.  Hardy Decl. ¶ 15.  The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Id.  Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved.  Id.  The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes.  Id.  Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., Juan Carlos Ginarte.  Id.

In response to plaintiff's request for information concerning himself, the FBI searched the CRS using plaintiff's name in order to locate any main investigatory files maintained at FBIHQ and in any of the requested field offices.  Hardy Decl. ¶ 16.  A search of the CRS was conducted using the name "Juan Carlos Ginarte," which would cover a six-way phonetic breakdown of the name.  Id.  For example, this search would locate records using the phonetic sounds of each last, first, and middle name relating to the following names: "Ginarte, Juan C.," "Ginarte, Juan;"

"Ginarte, J. C.," "Ginarte, Juan Carlos," "Ginarte, J. Carlos," and "Ginarte, Carlos." <u>Id.</u> The FBI also used plaintiff's date of birth and Social Security number to facilitate the identification of responsive records. <u>Id.</u> This search failed to locate any main investigatory files responsive to plaintiff's request. <u>Id.</u>

In the absence of a specific request for a search of "cross-references" at the administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA/Privacy Act requests. Hardy Decl. ¶ 17. A cross-reference is defined as a mention of the subject of a request in a file on another individual, organization, event, activity or the like. <u>Id.</u> In this case, plaintiff's counsel did not specifically request that a search be conducted for cross-references. <u>Id.</u> However, upon further review, the FBI conducted a search of CRS which included both main files and cross-references potentially responsive to plaintiff's request. <u>Id.</u> This second search yielded no responsive main files or cross-references, either at FBIHQ or at the nine requested field offices. <u>Id.</u> Because the CRS is the key to FBI's record system, searching it was reasonably calculated to uncover all responsive records if any existed. Because no main files or cross-references were found after using multiple variations of plaintiff's name, it is reasonable to conclude that FBI's record systems do not contain any responsive documents.

**C.    Summary Judgment is Appropriate Because No Responsive Records Exist.**

A court has jurisdiction over a FOIA action only where an agency has improperly withheld agency records. 5 U.S.C. §552(a)(4)(B). Here, defendant has not withheld any records because no documents responsive to plaintiff's request could be found after a reasonable search. As a result, this case does not present a justiciable controversy.

It is axiomatic that Article III of the Constitution limits federal court jurisdiction to litigation presenting an actual case or controversy. Federal courts are without power to resolve disagreements that fail to meet this jurisdictional prerequisite. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983); Flast v. Cohen, 392 U.S. 83, 94-101 (1986). The case-or-controversy requirement ensures that the courts will undertake resolution only of issues that are concrete and sharply-focused, rather than imaginary disputes. When the defendant has ceased the behavior which caused the case to be filed or, as in this case, eliminated the confusion that caused the plaintiff to file the action (e.g., the belief that the FBI withheld records concerning plaintiff's criminal prosecution), courts need not reach a judgment. DeFunis v. Odegaard, 416 U.S. 312, 318 (1974); A.L. Mechling Barge Lines v. United States, 368 U.S. 324, 331 (1961); Chamber of Commerce v. United States Department of Energy, 627 F.2d 289, 292 (D.C. Cir. 1980).

Here, the agency carried its burden to show that it conducted a search reasonably calculated to uncover all responsive records. See Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d at 126. That is all that is required. See Ray v. United States Dep't of Justice, 908 F.2d 1549, 1559-60 (11th Cir. 1990), rev'd on other grounds sub nom. United States Dep't of State v. Ray, 502 U.S. 164 (1991); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120-21 (D.D.C. 1995)(no jurisdiction exists over claims where agency conducted good faith, reasonable search and found no responsive documents); Bartlett v. United States Dep't of Justice, 867 F. Supp. 314, 316 (E.D. Pa. 1994). When a FOIA request is pending, the agency is only able or obligated to release material that it actually has. Therefore, the Court should find that this case does not present a justiciable controversy and should be dismissed because defendants' search was adequate to demonstrate that the FBI has no records responsive to plaintiff's request.

**<u>Conclusion</u>**

For all these reasons, the Court should dismiss this action, or alternatively, enter summary

judgment in favor of the defendants.

Dated: August 3, 2007.

Respectfully submitted,

_____

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/
_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W - Room E4822.
Washington, D.C.  20530
(202) 514-7161
(202) 514-8780 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUAN CARLOS GINARTE,      )
                          )
          Plaintiff,      )
                          )
          v.              )          Civil Action No. 06-CV-2216
                          )
ROBERT S. MUELLER, III, et al.,      )
                          )
          Defendants.     )

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation,

Headquarters Office ("FBIHQ") in Washington, D.C. I have held this position since August 1,

2002. Prior to joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge

Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom

of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From

October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and

routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law

in the State of Texas since 1980.

(2)     In my current capacity as Section Chief of RIDS, I supervise approximately 209

employees who staff a total of ten (10) FBIHQ units and a field operational service center unit

whose collective mission is to effectively plan, develop, direct and manage responses to requests

for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial

decisions and other Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am

aware of the handling of the FOIA/Privacy Act of request made by counsel Jonathan L. Katz on

behalf of plaintiff, Juan Carlos Ginarte, who seeks access to records pertaining to Mr. Ginarte.

(4)    The purpose of this declaration is to provide the Court and plaintiff with an

explanation of the procedures used to search for records responsive to plaintiff's request, and to

discuss the results of these search efforts. This declaration is submitted in support of the FBI's

Motion for Summary Judgment.

## CORRESPONDENCE RELATED TO PLAINTIFF'S REQUEST

(5) By letter dated October 9, 2006, plaintiff submitted a request to FBIHQ as well as to

the FBI's Baltimore, Jacksonville, Miami, New York, Newark, Norfolk, Richmond, Tampa, and

Washington field offices, as well as the U.S. Department of Justice ("DOJ") Office of

Intelligence Policy and Review ("OIPR")[1] seeking disclosure of any records[2], documents, files,

communications, memorandums, orders, agreements and/or instructions created from **January 1,**

**1995,** to the present, that were prepared, received, transmitted, collected and/or maintained by the

Federal Bureau of Investigation, the Department of Justice, or any of their components or field

offices, including but not limited to the following:

> 1.  Any records, order, agreement, or accommodation relating or referring to Ginarte, including but not limited to records that document any monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration and/or collection of information relating to Ginarte.
>
> 2.  Any records relating or referring to how, why or when Ginarte was selected to be a subject of monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration and/or collection of information.
>
> 3.  Any policies or procedures for cross-referencing records about Ginarte.
>
> 4.  Any policies or procedures regarding retention and destruction of records about himself.

**(See Exhibit A.)**  (Emphasis in original).

In addition, plaintiff provided  a Privacy Waiver and Certification of Identity executed on

October 4, 2006, for records relating to himself to be released to his attorney, Jonathan L. Katz.

**(See Exhibit B.)**

---

[1]  Plaintiff made a previous request to FBIHQ on February 6, 2006 which is the subject of Ginarte v. Mueller, Civ. A. No. 06-CV-1222 (D.D.C.).  In response to that request, the FBI previously informed plaintiff that a search of FBIHQ records yielded a "no record" response. This case has been fully briefed.

[2]  Plaintiff's request defines the term "records" to include "all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audiotapes, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies."

(6)    By letter dated November 13, 2006, FBIHQ acknowledged receipt of requests to the Baltimore, Washington, and New York field offices and advised plaintiff's counsel that these requests were forwarded to FBIHQ for handling and assigned FOIPA #1062246-000.  Plaintiff's counsel was  further advised that a search of the indices to the Central Records System ("CRS") at FBIHQ was being conducted, and he would be informed of the results as soon as possible. (**See** **Exhibit C.**)

(7)    By letter dated November 21, 2006, FBIHQ advised plaintiff's counsel that in further response to his request, additional FOIPA requests were referred to FBIHQ for handling from the Norfolk, Jacksonville, Richmond, Newark, Miami and Tampa field offices.  Plaintiff's counsel was further advised that a search of the indices to the Central Records System at  FBIHQ was being conducted, and he would be notified of the results once the search was completed. (**See** **Exhibit D.**)

(8)    By letter dated February 5, 2007, FBIHQ advised plaintiff's counsel that a search of the automated indices to the Central Records System at FBIHQ, as well as Baltimore, Jacksonville, Miami, Newark, New York, Norfolk, Richmond, Tampa and Washington field offices located no records responsive to plaintiff's FOIA/Privacy Act request.  Plaintiff was further advised that he could appeal the FBI's "no record" response by writing the Office of Information and Privacy ("OIP") within sixty (60) days from the date of the FBI's letter.  (**See** **Exhibit E.**)

(9)    As a result of an inadvertent administrative error, the FBI once again advised plaintiff's counsel, by letter dated May 16, 2007, that a search of the automated indices to the Central Records System at FBIHQ, as well as Baltimore, Jacksonville, Miami, Newark, New

York, Norfolk, Richmond, Tampa and Washington field offices located no records responsive to plaintiff's FOIA/Privacy Act request. Plaintiff was further advised that he could appeal the FBI's "no record" response by writing to the OIP within sixty (60) days from the date of the FBI's letter. (See Exhibit F.)

## EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(10)     The Central Records System ("CRS") enables the FBI to maintain information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. CRS is organized into a numerical sequence of files called FBI "classifications," which are broken down according to subject matter. The subject matter of a file may correspond to an individual, organization, company, publication, activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices. While the CRS is primarily designed to serve as an investigative tool, the FBI searches the CRS for documents that are potentially responsive to FOIA and Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS").

(11)     The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated. ACS can be described as an internal computerized subsystem of the CRS. Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched. More

-5-

than 105 million records from the CRS were converted from automated systems previously
utilized by the FBI. Automation did not change the CRS; instead, automation has facilitated more
economic and expeditious access to records maintained in the CRS.

(12)    The retrieval of data from the CRS is made possible through the ACS using the
General Indices, which are arranged in alphabetical order.[3] The entries in the General Indices fall
into two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the
> name corresponding with a subject of a file contained in the CRS.
>
> (b) A "reference" entry --"Reference" entries, sometimes called
> "cross-references," are generally only a mere mention or reference
> to an individual, organization, or other subject matter, contained in
> a document located in another "main" file on a different subject
> matter.

(13)    Searches made in the General Indices to locate records concerning a particular
subject, such as Juan Carlos Ginarte, are made by searching the subject requested in the index.

(14)    The ACS consists of three integrated, yet separately functional, automated
applications that support case management functions for all FBI investigative and administrative
cases:

> (a)  Investigative Case Management ("ICM") – ICM provides the ability to open,

assign, and close investigative and administrative cases as well as set, assign, and track leads. The
Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a
case. The field offices that receive leads from the OO are referred to as Lead Offices ("LOs").
When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by

---

[3] The General Indices are not only automated but also include index cards which allow a
manual search for records that pre-dated the implementation of ACS on October 16, 1995.

all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using a fictitious file number "12-HQ-1234" as an example, an explanation of the UCFN is as follows: "12" indicates the classification for the specific type of investigation, which in this fictitious case denotes a "Drug" investigation; "HQ" is the abbreviated form used for the OO of the investigation, which here is FBIHQ and "1234" denotes the individual case file number for the particular investigation.

(b)  Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c)  Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 98.2 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(15)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent ("SA") assigned to work on the investigation, the supervisor in the field office conducting the investigation, and the supervising SA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a

"key" (index) to this enormous amount of data, information essential to ongoing investigations

could not be readily retrieved. The FBI files would thus be merely archival in nature and could

not be effectively used to serve the mandated mission of the FBI, which is to investigate violations

of federal criminal and national security statutes. Therefore, the General Indices to the CRS files

are the means by which the FBI can determine what retrievable information, if any, the FBI may

have in its CRS files on a particular subject matter or individual, i.e., Juan Carlos Ginarte.

(16)    In response to plaintiff's request for information concerning himself, the FBI

searched the CRS using plaintiff's name in order to locate any main investigatory files maintained

at FBIHQ and in any of the requested field offices. A search of the CRS was conducted using the

name "Juan Carlos Ginarte," which would cover a six-way phonetic breakdown of the name. For

example, this search would locate records using the phonetic sounds of each last, first, and middle

name relating to the following names: "Ginarte, Juan C.," "Ginarte, Juan;" "Ginarte, J. C.,"

"Ginarte, Juan Carlos," "Ginarte, J. Carlos," and "Ginarte, Carlos." The FBI also used plaintiff's

date of birth and Social Security number to facilitate the identification of responsive records. This

search failed to locate any main investigatory files responsive to plaintiff's request.

(17)    In the absence of a specific request for a search of "cross-references" at the

administrative level, the FBI's current policy is to search for and identify only "main" files

responsive to FOIA/Privacy Act requests. A cross-reference is defined as a mention of the subject

of a request in a file on another individual, organization, event, activity or the like. In this case,

plaintiff's counsel did not specifically request that a search be conducted for cross-references.

However, upon further review, the FBI conducted a search of CRS which included both main files

and cross-references potentially responsive to plaintiff's request. This second search yielded no

responsive main files or cross-references, either at FBIHQ or at the nine requested field offices.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through F attached hereto are true and correct copies.

Executed this _____3ʳᵈ_____ day of August, 2007.

                    DAVID M. HARDY
                    Section Chief
                    Record/Information Dissemination
                      Section
                    Records Management Division
                    Federal Bureau of Investigation
                    Washington, D.C.

JUAN CARLOS GINARTE, )
 )
  Plaintiff )
 ) Civil Action No. 06-2216
   v. )
 )
ROBERT S. MUELLER, III, et al. )
 )
  Defendants. )
 )

# EXHIBIT A

# MARKS & KATZ, LLC
## ATTORNEYS AT LAW
1400 SPRING STREET
SUITE 410
SILVER SPRING, MARYLAND 20910
(301) 495-4300
FAX (301) 495-8815
justice@markskatz.com
www.markskatz.com

JAY S. MARKS (MD, IL)
JONATHAN L. KATZ (MD, DC, VA)

October 9, 2006

FBI Washington Field Office
Washington Metropolitan Field
Office
FOIA Department
601 4th Street, N.W.
Washington, D.C. 20535-0002

FBI Jacksonville Field Office
FOIA Department
Suite 200
7820 Arlington Expressway
Jacksonville, Florida 32211-
7499

FBI North Miami Beach Field
Office
FOIA Department
16320 Northwest Second Avenue
North Miami Beach, Florida
33169-6508

FBI Tampa Field Office
FOIA Department
5525 West Gray Street
Tampa, Florida 33609

FBI Baltimore Field Office
FOIA Department
2600 Lord Baltimore
Baltimore, Maryland 21244

FBI Newark Field Office
FOIA Department
11 Centre Place

Newark, New Jersey 07102-9889

FBI New York Field Office
FOIA Department
26 Federal Plaza, 23rd. Floor
New York, New York 10278-0004

FBI Norfolk Field Office
FOIA Department
150 Corporate Boulevard
Norfolk, Virginia 23502-4999

FBI Richmond Field Office
FOIA Department
1970 E. Parham Road
Richmond, Virginia 23228

Freedom of Information
Officer
Joint Terrorism Task Force
Federal Bureau of
Investigation
935 Pennsylvania Avenue, NW
Washington, D.C. 20535

GayLa D. Sessoms
FOIA Coordinator
Office of Intelligence Policy
and Review
Room 6150
950 Pennsylvania Avenue, N.W.
Department of Justice
Washington, D.C. 20530-0001

1

*Exhibit A Pg 1 of 3*

**Re:**   <u>REQUEST UNDER FREEDOM OF INFORMATION ACT AND PRIVACY ACT</u>

To all above-listed addressees:

    This letter constitutes a request ("Request") under the
Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the Justice
Department's implementing regulations (including 28 C.F.R. §
16.1), the Privacy Act, 5 U.S.C. § 552a, and all other
applicable regulations and other applicable provisions of law.

    This Request is submitted by undersigned counsel on behalf
of our client Juan Carlos Ginarte ("the Requester" or
"Ginarte").

## I.   **The Requestor**

    Juan Carlos Ginarte is a natural person. His birthdate is
October 30, 1962. He is a naturalized United States citizen. His
social security number is 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. He resides at 4000 Tunlaw
Road, NW, Apt. 325, Washington, DC 20007 (since approximately
2004). He previously resided at 3140 Wisconsin Avenue, NW, Apt.
301, Washington, DC 20016 (approximately 1999-2004).

## II.   **Request.**

    Mr. Ginarte seeks disclosure of any records[1], documents,
files, communications, memorandums, orders, agreements and/or
instructions created from **January 1, 1995, to the present**, that
were prepared, received, transmitted, collected and/or
maintained by the Federal Bureau of Investigation, the
Department of Justice, or any of their components or field
offices, including but not limited to the following:

    1.    Any records, order, agreement, or accommodation
relating or referring to Ginarte, including but not limited to
records that document any monitoring, surveillance, observation,
questioning, interrogation, investigation, infiltration and/or
collection of information relating to Ginarte.

    2.    Any records relating or referring to how, why or when
Ginarte was selected to be a subject of monitoring,

---

[1] The term "records" as used herein includes all records or communications
preserved in electronic or written form, including but not limited to
correspondence, documents, data, videotapes, audiotapes, faxes, files,
guidance, guidelines, evaluations, instructions, analyses, memoranda,
agreements, notes, orders, policies, procedures, protocols, reports, rules,
technical manuals, technical specifications, training manuals, or studies.

*Exhibit A Pg 2 of*

surveillance, observation, questioning, interrogation, investigation, infiltration and/or collection of information.

    3.   Any policies or procedures for cross-referencing records about Ginarte.

    4.   Any policies or procedures regarding retention and destruction of records about Ginarte.

We pre-authorize spending up to $1000.00 combined for all of the addressees listed above (e.g., this $1000 pre-authorization would be reached if we were billed $333 from the Tampa FBI field office, $333 from the Miami Beach FBI field office, and $334 from the Jacksonville, Florida, FBI field office).

Pursuant to applicable regulations and statutes, if this request is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions of the FOIA, the Privacy Act, and any other provisions of law upon which you rely. Unless you reply otherwise within the response deadlines set forth in the FOIA, I will assume that you do not claim that you are not the proper office to receive this request. Mr. Ginarte reserves the right to appeal a decision to withhold any information.

Please furnish all requested information to my above-listed office. Thank you.

          Very truly yours,

          Jonathan L. Katz
          Attorney for Juan Carlos Ginarte

**Attach privacy act waiver**
cc: Karen L. Melnik, Esquire (by e-mail only)
    U.S. Attorney's Office
    555 Fourth St., NW
    Washington, DC 20530
    karen.melnik@usdoj.gov

3


Exhibit A 193

| | |
|---|---|
| JUAN CARLOS GINARTE, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 06-2216 |
| v. | ) |
| | ) |
| ROBERT S. MUELLER, III, <u>et al</u>. | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT B

## PRIVACY ACT REQUEST

This Privacy Act Request authorizes my lawyer Jonathan L. Katz to obtain any and all information requested about me under the Freedom of Information Act, the Privacy Act, and all other provisions of law.

In that regard, I provide the following information:

I am Juan Carlos Ginarte. My birthdate is October 30, 1962. I am a naturalized United States citizen. My social security number is 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. I reside at 4000 Tunlaw Road, NW, Apt. 325, Washington, DC 20007. I am to be contacted through my counsel, at Jonathan L. Katz, 1400 Spring Street, Suite 410, Silver Spring, MD 20910, 301-495-4300.

I have no aliases, but the following are nicknames that I have been called: Juanqui; and JC.

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Juan Carlos Ginarte
October 4, 2006

4

*Exhibit B*

JUAN CARLOS GINARTE,                    )
                                        )
          Plaintiff                     )
                                        ) Civil Action No. 06-2216
          v.                            )
                                        )
ROBERT S. MUELLER, III, et al.          )
                                        )
          Defendants.                   )
                                        )

# EXHIBIT C

U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 13, 2006

JONATHAN L. KATZ, ESQUIRE
MARKS & KATZ, LLC
SUITE 410
1400 SPRING STREET
SILVER SPRING, MD 20910

Request No.: 1062246- 000
Subject: GINARTE, JUAN CARLOS

Dear Requester:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) requests to the FBI's Baltimore, Washington and New York Field Offices. Your requests were forwarded to FBI Headquarters for handling. The FOIPA number listed above has been assigned to your requests.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

    Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

*Exhibit C*

| | |
|---|---|
| JUAN CARLOS GINARTE, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 06-2216 |
| v. | ) |
| | ) |
| ROBERT S. MUELLER, III, <u>et al</u>. | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT D



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

November 21, 2006

JONATHAN L. KATZ, ESQUIRE
MARKS & KATZ, LLC
SUITE 410
1400 SPRING STREET
SILVER SPRING, MD 20910

Request No.: 1062246- 000
Subject: GINARTE, JUAN CARLOS

Dear Requester:

      This is in further response to your Freedom of Information-Privacy Acts (FOIPA) request(s). The paragraphs marked below contain information concerning your request(s).

☐  We received the additional information you furnished.

☒  We are in receipt of your additional FOIPA requests directed to the following field offices: *Norfolk, Jacksonville, Richmond, Newark, Miami, and Tampa.* These field offices have referred your requests to FBI Headquarters for handling.

☒  We are searching the indices to our central records system files at FBI Headquarters to determine if we have the records you are seeking. You will be notified of the results of this search when it is finished.

☐  We located documents which may pertain to your request(s), and they will be assigned for processing.

☐  We received your check in the amount of $ ___.

☐  The large number of FOIPA requests received by the FBI has caused a delay in processing your request(s). We assure you we will process your request(s) as soon as possible.

☐  See Continuation Page for additional information.

      Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

*Exhibit* D

JUAN CARLOS GINARTE,                    )
                                       )
            Plaintiff                   )
                                       )  Civil Action No. 06-2216
            v.                          )
                                       )
ROBERT S. MUELLER, III, et al.          )
                                       )
            Defendants.                 )
                                       )

# EXHIBIT E

U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 5, 2007

JONATHAN L KATZ, ESQ.
MARKS & KATZ, LLC
SUITE 410
1400 SPRING STREET
SILVER SPRING, MD 20910

Request No.: 1062246- 000
Subject: GINARTE, JUAN CARLOS

Dear Requester:

This is in response to your client's Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters, as well as the following Field Offices: Washington, Jacksonville, Miami, Tampa, Baltimore, Newark, New York, Norfolk, and Richmond. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050. Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure

*Exhibit E*

| | |
|---|---|
| JUAN CARLOS GINARTE, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 06-2216 |
| v. | ) |
| | ) |
| ROBERT S. MUELLER, III, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT F



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

JONATHAN L KATZ, ESQUIRE                                              May 16, 2007
MARKS & KATZ, LLC
ATTORNEYS AT LAW
SUITE 410
1400 SPRING STREET
SILVER SPRING, MD 20910

                                        Request No.: 1062246-001
                                        Subject: GINARTE, JUAN CARLOS

Dear Mr. Katz :

        This is in response to your Freedom of Information-Privacy Acts (FOIPA) request on behalf of your client, Juan Carlos Ginarte.

        A search of the automated indices to our central records system files revealed no records for FBI Headquarters, Washington, Jacksonville, Miami, Tampa, Baltimore, Newark, New York, Norfolk, and Richmond in response to your FOIPA request.

        Although no record responsive to your request was located, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Office of Information and Privacy, U. S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D. C. 20530-0001, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may easily be identified.

                                Sincerely yours,

                                David M. Hardy
                                Section Chief,
                                Record/Information
                                  Dissemination Section
                                Records Management Division

Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JUAN CARLOS GINARTE,                     )
                                        )
        Plaintiff,                       )
                                        )
        v.                               )        Civil Action No. 06-2216 (RJL)
                                        )
ROBERT S. MUELLER, III, <u>et al.</u>,  )
                                        )
        Defendants.                      )
_____ )


## DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 7(h), defendants respectfully submit this statement of material facts which are not in genuine dispute and which entitle defendants to judgment as a matter of law.

1.      By letter dated October 9, 2006, plaintiff submitted a request to FBI Headquarters ("FBIHQ") as well as to the FBI's Baltimore, Jacksonville, Miami, New York, Newark, Norfolk, Richmond, Tampa, and Washington field offices, as well as the U.S. Department of Justice ("DOJ") Office of Intelligence Policy and Review ("OIPR") seeking disclosure of any records[1], documents, files, communications, memorandums, orders, agreements and/or instructions created from **January 1, 1995,** to the present, that were prepared, received, transmitted, collected and/or

---

[1] Plaintiff's request defines the term "records" to include "all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audiotapes, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies."

maintained by the Federal Bureau of Investigation, the Department of Justice, or any of their

components or field offices, including but not limited to the following:

    a.  Any records, order, agreement, or accommodation relating or referring to

Ginarte, including but not limited to records that document any monitoring, surveillance,

observation, questioning, interrogation, investigation, infiltration and/or collection of information

relating to Ginarte.

    b.  Any records relating or referring to how, why or when Ginarte was selected to

be a subject of monitoring, surveillance, observation, questioning, interrogation, investigation,

infiltration and/or collection of information.

    c.  Any policies or procedures for cross-referencing records about Ginarte.

    d.  Any policies or procedures regarding retention and destruction of records

    about himself.

Hardy Decl. ¶ 5 & Exhibit A (Emphasis in original).  In addition, plaintiff provided  a Privacy

Waiver and Certification of Identity executed on October 4, 2006, for records relating to himself

to be released to his attorney, Jonathan L. Katz.  Hardy Decl. ¶ 5 & Exhibit B.

    2.    By letter dated November 13, 2006, FBIHQ acknowledged receipt of requests to

the Baltimore, Washington, and New York field offices and advised plaintiff's counsel that these

requests were forwarded to FBIHQ for handling and assigned FOIPA #1062246-000.  Hardy

Decl. ¶ 6 & Exhibit C.  Plaintiff's counsel was further advised that a search of the indices to the

Central Records System ("CRS") at FBIHQ was being conducted, and he would be informed of

the results as soon as possible.  Id.

3.      By letter dated November 21, 2006, FBIHQ advised plaintiff's counsel that in further response to his request, additional FOIPA requests were referred to FBIHQ for handling from the Norfolk, Jacksonville, Richmond, Newark, Miami and Tampa field offices.  Hardy Decl. ¶ 7 & Exhibit D.  Plaintiff's counsel was further advised that a search of the indices to the Central Records System at  FBIHQ was being conducted, and he would be notified of the results once the search was completed.  Id.

4.      By letter dated February 5, 2007, FBIHQ advised plaintiff's counsel that a search of the automated indices to the Central Records System at FBIHQ, as well as Baltimore, Jacksonville, Miami, Newark, New York, Norfolk, Richmond, Tampa and Washington field offices located no records responsive to plaintiff's FOIA/Privacy Act request.  Hardy Decl. ¶ 8 & Exhibit E.  Plaintiff was further advised that he could appeal the FBI's "no record" response by writing the Office of Information and Privacy ("OIP") within sixty (60) days from the date of the FBI's letter.  Id.

5.      As a result of an inadvertent administrative error, the FBI once again advised plaintiff's counsel, by letter dated May 16, 2007, that a search of the automated indices to the Central Records System at FBIHQ, as well as Baltimore, Jacksonville, Miami, Newark, New York, Norfolk, Richmond, Tampa and Washington field offices located no records responsive to plaintiff's FOIA/Privacy Act request.  Hardy Decl. ¶ 9 & Exhibit F.  Plaintiff was further advised that he could appeal the FBI's "no record" response by writing to the OIP within sixty (60) days from the date of the FBI's letter.  Id.

6.      Plaintiff did not receive a response to his FOIA request from the FBI within twenty (20) days of receipt of his request.  See Compl. ¶ 10.  Plaintiff instituted this action in December, 2006.  See Docket Entry No. 1.

7.      FBI began by searching its Central Records System ("CRS") which contains all information FBI acquires in the course of its law enforcement responsibilities.  See Hardy Decl. ¶¶ 10, 16.  Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices.  Id. ¶ 10.

8.      The Central Records System contains literally millions of records organized through subject matter and identifying numerical sequences assigned to each document, and FBI searches it by using its Automated Case Support System ("ACS").  See Hardy Decl. ¶ 10.  ACS can be described as an internal computerized subsystem of the CRS.  Id.¶ 11.  The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated.  Id.

9.      Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched.  Hardy Decl. ¶ 11.

10.      The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.  Hardy Decl. ¶ 12.  Searches made in the General Indices to locate records concerning a particular subject, such as Juan Carlos Ginarte, are made by searching the subject requested in the index.  Id. ¶ 13.

11.      In response to plaintiff's request for information concerning himself, the FBI searched the CRS using plaintiff's name in order to locate any main investigatory files maintained

at FBIHQ and in any of the requested field offices.  Hardy Decl. ¶ 16.  A search of the CRS was

conducted using the name "Juan Carlos Ginarte," which would cover a six-way phonetic

breakdown of the name.  Id.  For example, this search would locate records using the phonetic

sounds of each last, first, and middle name relating to the following names: "Ginarte, Juan C.,"

"Ginarte, Juan;" "Ginarte, J. C.," "Ginarte, Juan Carlos," "Ginarte, J. Carlos," and "Ginarte,

Carlos."  Id.  The FBI also used plaintiff's date of birth and Social Security number to facilitate

the identification of responsive records.  Id.  This search failed to locate any main investigatory

files responsive to plaintiff's request.  Id.

    12.    In the absence of a specific request for a search of "cross-references" at the

administrative level, the FBI's current policy is to search for and identify only "main" files

responsive to FOIA/Privacy Act requests.  Hardy Decl. ¶ 17.  A cross-reference is defined as a

mention of the subject of a request in a file on another individual, organization, event, activity or

the like.  Id.  In this case, plaintiff's counsel did not specifically request that a search be

conducted for cross-references.  Id.  However, upon further review, the FBI conducted a search of

CRS which included both main files and cross-references potentially responsive to plaintiff's

request.  Id.  This second search yielded no responsive main files or cross-references, either at

FBIHQ or at the nine requested field offices.  Id.

Dated: August 3, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W - Room E4822.
Washington, D.C.  20530
(202) 514-7161
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JUAN CARLOS GINARTE,                    )
                                        )
            Plaintiff,                  )
                                        )
            v.                          )        Civil Action No. 06-2216 (RJL)
                                        )
ROBERT S. MUELLER, III, et al.,         )
                                        )
            Defendants.                 )
_____)

**O R D E R**

Upon consideration of the defendants' motion to dismiss and for summary judgment, any

opposition thereto, the entire record in this case, the Court finds that the Department of Justice

has conducted a reasonable search for information requested by plaintiff and has demonstrated

that it is not withholding any responsive information.  Accordingly and for good cause shown, it

is hereby

**ORDERED** that the Defendants' Motion to Dismiss and For Summary Judgment is

**GRANTED**, and it is

**FURTHER ORDERED** that all claims against individual employees of the Department

of Justice are dismissed for lack of jurisdiction and failure to state a cognizable claim, and it is

**FURTHER ORDERED** that judgment be entered in favor of the defendant United States

Department of Justice on all of plaintiff's claims under the Freedom of Information Act.

This is a final order.

_____
RICHARD J. LEON
United States District Judge

**Copies**
**Through ECF to:**

Jonathan L. Katz, Esq.
jon@markskatz.com

AUSA Jane M. Lyons
jane.lyons@usdoj.gov