```
           UNITED STATES DISTRICT COURT
              DISTRICT OF COLUMBIA
```

| | |
|---|---|
| **JUAN CARLOS GINARTE** | * |
| | * |
| Plaintiff | * Case No. 1:06CV02216 (RJL) |
| | * |
| v. | * |
| | * |
| **ROBERT MUELLER, et al.** | * |
| | * |
| Defendants. | * |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT.

Plaintiff opposes Defendants' Motion to Dismiss and for Summary Judgment, for the reasons stated in his attached Memorandum of Points and Authorities, which follows Plaintiff's attached Response To Defendants' "Statement Of Material Facts Not In Genuine Dispute"

```
                    Respectfully submitted,

                    MARKS & KATZ, L.L.C.


                    __/s/ Jonathan L. Katz_____

                        Jonathan L. Katz
                        DC Bar No. 425-615
                        1400 Spring St., Suite 410
                        Silver Spring, MD 20910
                        (301) 495-4300
                        Fax: (301) 495-8815
                        Attorneys for Plaintiff
```

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Opposition was served by the CM/ECF filing system on August 17, 2007, to:

Jane M. Lyons, Esquire

                              ___/s/ Jonathan L. Katz_____
                                  Jonathan L. Katz

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUAN CARLOS GINARTE** | * |
| | * |
| Plaintiff | * Case No. 1:06CV02216 (RJL) |
| | * |
| v. | * |
| | * |
| **ROBERT MUELLER, et al.** | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' "STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE"**

Plaintiff responds as follows, *ad seriatim,* to Defendants' "Statement of Material Facts Not in Genuine Dispute."

1.   Denied. Defendants mischaracterize the substance of Plaintiff's FOIA request, which is attached to Defendants' Summary Judgment Motion, and which FOIA request speaks for itself.

For instance,  1 of Defendants' Statement of Material mis-states that Plaintiff's Freedom of Information Act ("FOIA") request is directed to the Federal Bureau of Investigation ("FBI") Headquarters. Nothing could be further from the truth. In reality, Plaintiff's FOIA request is addressed to eight FBI field offices, the FBI's Joint Terrorism Task Force, and the Justice Department's Office of Intelligence Policy and Review. Defendant's Statement of Material facts is silent that the FBI

1

request was directed, in part, to the FBI's Joint Terrorism Task Force.

    2. Denied. Plaintiff admits receiving the November 13, 2006, letter. However, Defendants mischaracterize the substance of the November 13 Hardy letter, which speaks for itself. For instance, said letter does not say it is from FBI Headquarters. Instead, it says it is from the section chief for Record/Information, Dissemination Services, Records Management Division.

    3. Denied. Plaintiff admits receiving the November 21, 2006, letter. However, Defendants mischaracterize the substance of the November 21 Hardy letter, which speaks for itself. For instance, said letter does not say it is from FBI Headquarters. Instead, it says it is from the section chief for Record/Information, Dissemination Services, Records Management Division.

    4. Denied. Plaintiff admits receiving the February 5, 2007, letter. However, Defendants mischaracterize the substance of said letter, which speaks for itself. For instance, said letter is silent about the FOIA request's addressee's having included the FBI's Joint Terrorism Task Force, and the Justice Department's Office of Intelligence Policy. The February 5, 2007, letter is utterly silent about the FOIA request having been addressed, *inter alia,* to the FBI's Joint Terrorism Task

2

Force, and the Justice Department's Office of Intelligence Policy.

    5.    Denied. Plaintiff admits receiving the May 16, 2007, letter. However, Defendants mischaracterize the substance of said letter, which speaks for itself. For instance, Defendants claim that the May 16, 2007, letter was sent out by inadvertent error. Other reasons the letter was sent could have included that it was intended to be sent, that it was sent in an effort to correct or amplify on previous letters concerning Plaintiff's FOIA request, and that it was sent out of disorganization that would be a ground to allow discovery before ruling on the Defendants' Summary Judgment Motion.

    6.    Admitted.

    7.    Denied. Discovery is needed on this matter.

    8.    Denied. Discovery is needed on this matter.

    9.    Denied. Discovery is needed on this matter.

    10.    Denied. Discovery is needed on this matter.

    11.    Denied. Discovery is needed on this matter.

    12.    Denied. Discovery is needed on this matter.

Respectfully submitted,

MARKS & KATZ, L.L.C.


__/s/ Jonathan L. Katz_____

    Jonathan L. Katz
    DC Bar No. 425-615
    1400 Spring St., Suite 410
    Silver Spring, MD 20910
    (301) 495-4300
    Fax: (301) 495-8815
    Attorneys for Plaintiff

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF COLUMBIA

JUAN CARLOS GINARTE                *
                                   *
        Plaintiff                  *   Case No. 1:06CV02216 (RJL)
                                   *
    v.                             *
                                   *
ROBERT MUELLER, et al.             *
                                   *
        Defendants.                *
```

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT.**

Plaintiff opposes Defendant's Motion to Dismiss or for Summary Judgment and states the following in support of this Opposition:

**ARGUMENT**

Plaintiff reincorporates by reference his foregoing response to Defendant's "Statement of Material Facts Not in Genuine Dispute."

A. **Defendant is not entitled to summary judgment.**

For the following reasons, Defendant is not entitled to summary judgment. Among these reasons is that Defendant's summary judgment motion precedes the commencement and completion of discovery, and, thus, is premature.

Here, it is necessary that "summary judgment be refused where the nonmoving party has not had the opportunity to

1

discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 n.5 (1986); Fed. R. Civ. P. 56(f).

Discovery is permitted in FOIA lawsuits -- and Plaintiff's good faith need for discovery is illustrated below -- and has been permitted in such suits. *Weisberg v. Dept. of Justice*, 627 F.2d 365, 367 (D.C. Cir. 1980) ("[w]e reversed, however, finding material disputed facts regarding the existence of relevant but unreleased records, and holding that Weisberg was entitled to further discovery").

Plaintiff also wishes to discover -- through interrogatories, document production requests, and depositions -- the procedures and accuracy of the searching procedures conducted on Plaintiff's FOIA request, including seeking information on the types of information systems used, their age, information on programming and maintenance of computer hardware and software used for such searching, information on audits of the systems' accuracy, information on errors made by humans and machines in processing such FOIA requests, the extent to which the automated indices are sufficient for processing Plaintiff's FOIA search procedures (e.g., the procedures for entering information into said indices, the extent to which classified and other information is intentionally not included in such indices, the procedures for classifying such information, and

2

the procedures for having information available to alert the FOIA recipient that the search did not include classified information), policies, activities in correcting such errors, and any documents by the person processing Mr. Ginarte request to confirm that a data search actually was sufficiently implemented for *Plaintiff's* FOIA request.

Since Mr. Hardy does not claim to be a computer software specialist or programmer, nor the person who conducted Plaintiff's FOIA search, Plaintiff's discovery efforts likely will need to go beyond just Mr. Hardy.

The need for such discovery as that listed above is particularly important here, in order to comport with the letter and spirit of the FOIA (*e.g.*, to prevent accepting at face value the word of the fox (here, the FBI) guarding the chicken coop (here, the FOIA and its implementation and enforcement)), to comport with Rule 56(f)'s prevention of summary judgment disposition before relevant discovery is completed, and to assure due process.

Plaintiff disputes the reliability, accuracy, and credibility of Defendants' affiant David Hardy, who makes sweeping statements about the systems, procedures and policies. Plaintiff challenges whether Mr. Hardy, alone, is a suitable affiant for Defendants' motion – concerning the processing of Plaintiff's FOIA request, without sufficient factual nor

3

documentary substantiation. For instance, Mr. Hardy's Affidavit claims that "[i]n the absence of a specific request for a search of 'cross-references' at the administrative level, the FBI's current policy is to search for and identify only 'main' files responsive to FOIA/Privacy Act requests." Hardy Dec. at ¶ 17. Plaintiff wants to discover -- through interrogatories, document production requests, and depositions – details of said policy, including the language and origin thereof, legitimacy thereof (*e.g.*, this should be a Code of Federal Regulations ("CFR") provision to be given any force and effect in FOIA litigation – and by not being a CFR provision, discovery is needed to show how uniformly, evenly and fairly such a "policy" is implemented -- but is not a CFR provision) and reasons therefor (if it is in writing), the origin and contents of any oral bases for said policy, and the extent to which said policy is uniformly applied.

The suspect nature of the reliability of Mr. Hardy's Declaration is further amplified by the following: (1) he fails to explain why any so-called "administrative error" caused the May 16, 2007, FBI letter to Plaintiff, which mainly parrots back the FBI letter from February 5, 2007; (2) Mr. Hardy (and the Summary Judgment Motion) is silent about the FOIA request having been directed, *inter alia*, to the FBI's Joint Terrorism Task Force; and (3) Mr. Hardy (and the Summary Judgment Motion) is

4

silent about the FOIA request having been directed, *inter alia*, to the Justice Department's Office of Intelligence Policy and Review.

    B.  **Defendants' Statement of Material Facts is Insufficient for Obtaining Summary Judgment**.

Defendants' Statement of Material Facts, by itself, is insufficient for obtaining summary judgment, in part because Plaintiff has sufficiently controverted and disputed numerous of Defendant's alleged material facts, in Plaintiff's attached detailed response thereto. *See, e.g.,* Fed. R. Civ. P. 56(d) (governing treatment of facts in genuine dispute, for summary judgment proceedings).

    C.  **Dismissal is not justified where the Defendants are named as "Robert S. Mueller, III, Director, Federal Bureau of Investigation," and "Attorney General Alberto Gonzales, U.S. Dept. of Justice."**

Defendants' Summary Judgment Motion argues about the defendants who are proper to name in this litigation, but implicitly admits that the Complaint should be seen as being against the Justice Department, without any need to amend the Complaint.

The FOIA does not put litigants on fair notice to deviate from the common and ordinarily accepted practice in suing federal agencies, to name the agency head as the defendant in his or her official capacity. Such a designation puts the agency

5

on fair notice of the lawsuit, and suffices as a sufficient plain statement of the allegations under the notice pleading system established by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2).

The spirit of the FOIA is not to dismiss (rather than permitting an amendment to the caption to the agency name, for instance) a FOIA complaint over such a trifling matter. In fact, the Supreme Court in 2002 confirmed that a complaint must contain only a short and plain statement of the claim showing that the pleader is entitled to relief, which Plaintiff has done here. *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 508 (2002).

### D. To this day, Plaintiff still does not have a full response to his FOIA request.

Defendants' Summary Judgment Motion does not show that an adequate search nor reply has been made under the FOIA to the following parts of the FOIA Request:

The FOIA Request is directed, *inter alia*, to the FBI's Joint Terrorism Task Force ("JTTF"). The Summary Judgment Motion reveals that the FOIA request to the Joint Terrorism Task Force has not been sufficiently reviewed nor answered.

The FBI's own website acknowledges the existence of the JTTF, as follows: "They are our nation's front line on terrorism: small cells of highly trained, locally based, passionately committed investigators, analysts, linguists, SWAT

6

experts, and other specialists from dozens of U.S. law enforcement and intelligence agencies." *See* http://www.fbi.gov/page2/dec04/jttf120114.htm (last visited Aug. 17, 2007).

For at least the last two years, the JTTF has been active sticking its nose in people's private business where it should not be sticking its nose, rather than keeping a sole legitimate focus on terrorism, and Plaintiff is entitled under the FOIA to know whether the JTTF has been sticking its nose into his business.

For instance, in an FBI document turned over in response to an American Civil Liberties Union FOIA request, the JTTF is revealed to have stuck its investigative nose into the peaceful activities of Sara Bardwell, and anti-war activist. The JTTF investigative document of Ms. Bardwell is here: http://www.aclu-co.org/docket/200406/JTTF_file_sarah_bardwell_12-07-04.pdf (last visited August 17, 2007). The document is dated December 7, 2004, lists Federal Bureau of Investigation printed on top, says it is from Denver Squad 5 JTTF, and proceeds to discuss the investigation related to Sara Bardwell. This December 7, 2004 document was obtained by the ACLU pursuant to the FOIA. *See* http://www.aclu-co.org/news/pressrelease/release_JTTF051805.htm (last visited August 17, 2007).

7

The Colorado ACLU reports that the JTTF has gone so far as to compile license plate numbers of peaceful demonstrators. http://www.aclu-co.org/spyfiles/fbifiles.htm (last visited August 17, 2007). A JTTF-received document provided under the FOIA with the license plate numbers is at http://www.aclu-co.org/spyfiles/Documents/Springs_Broadmoor_June2002.pdf (last visited August 17, 2007).

The FOIA Request is directed, *inter alia*, to the Justice Department's Office of Intelligence Policy and Review. OIPR's website is at http://www.usdoj.gov/nsd/intelligence.htm (last visited August 17, 2007). OIPR's website shows it is part of the Justice Department, and not of the FBI. However, the only Declaration provided with the Defendants' Summary Judgment Motion is from an FBI employee speaking of FBI components. Consequently, to this day, Plaintiff has no substantive response to his request for FOIA documents from OIPR.

Additionally, the FOIA request asks for any policies or procedures regarding retention and destruction of records about Plaintiff. Defendants simply have not answered in their summary judgment motion, whether any documents about Plaintiff previously existed in Defendants' possession but were subsequently destroyed.

    E.    **The records search was inadequate under the FOIA.**

The Summary Judgment Motion speaks of FBI centralized records and indices. However, limiting Plaintiff's FOIA request to such information bases is not in conformity with FOIA in that it amounts to too narrow a review. Moreover, seeing that Plaintiff's FOIA request includes eight field offices, insufficient information exists to date about the extent to which the requested FOIA information really needs to get done with better cooperation of and coordination with FBI field offices,

F.   **No substantive response came from any Defendant, until after Plaintiff filed this instant civil litigation.**

Because Plaintiff had to file this lawsuit in order to receive any substantive response to his FOIA request, he is entitled to attorney's fees under the FOIA, whether or not the court concludes that no documents exist that fulfill Plaintiff's FOIA request. This case simply is not ripe for summary judgment.

**CONCLUSION**

Wherefore, for the foregoing reasons, summary judgment and dismissal should be denied, and discovery should be permitted to proceed.

Respectfully submitted,

MARKS & KATZ, L.L.C.


__/s/ Jonathan L. Katz_____

    Jonathan L. Katz
    DC Bar No. 425-615
    1400 Spring St., Suite 410
    Silver Spring, MD 20910
    (301) 495-4300
    Fax: (301) 495-8815
    Attorneys for Plaintiff