UNITED STATES DISTRICT COURT
                       DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUAN CARLOS GINARTE** | * |
| | * |
|     Plaintiff | * Case No. 1:06CV02216 (RJL) |
| | * |
|   v. | * |
| | * |
| **ROBERT MUELLER, et al.** | * |
| | * |
|     Defendants. | * |

### PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT.

Plaintiff replies as follows to Defendants' reply ("Defendants' Reply" or "Reply") to Plaintiff's Opposition to Defendants' Motion to Dismiss or for Summary Judgment.

### INTRODUCTION

The Court granted Plaintiff's consent Motion to file a surreply, which Motion pointed out the fairness involved in permitting a surreply where new evidence is contained in Defendants' Reply.

### ARGUMENT

Plaintiff reincorportes by reference all arguments made in his opposition to Defendants' original summary judgment motion.

Freedom of Information Act jurisprudence presents a conundrum for the Act's plaintiffs. Plaintiffs are told to show a good reason to be permitted to engage in discovery, when often

1

it is only discovery that will provide the basis for discovery. Such circular reasoning does not breathe sufficient life into the FOIA, and lends itself to the filing of cynical FOIA summary judgment motions by the government, which is the same government for which the FOIA seeks to shine the light of day.

In any event, governing caselaw permits discovery in FOIA cases in certain circumstances. *Weisberg v. Dept. of Justice*, 627 F.2d 365, 367 (D.C. Cir. 1980) ("[w]e reversed, however, finding material disputed facts regarding the existence of relevant but unreleased records, and holding that Weisberg was entitled to further discovery").

Since Mr. Hardy does not claim to be a computer software specialist or programmer, nor the person who directly conducted Plaintiff's FOIA search, Plaintiff's discovery efforts likely will need to go beyond just Mr. Hardy.

The need for such discovery is particularly important here, in order to obtain compliance with the FOIA.

As eloquent as Defendants' Reply may sound at first blush, on the line here are a Plaintiff's hopes to have a sufficiently accurate picture of any surveillance on him by the government. In this instance, sufficient grounds exist to permit at least some limited discovery, including a court-imposed limit on the number of interrogatories and document production requests, and the length of any deposition.

One additional circumstance surrounding granting discovery in this instance is the suspect nature of the reliability of the FBI's Mr. Hardy as amplified by the following: Mr. Hardy fails to explain why any so-called "administrative error" caused the May 16, 2007, FBI letter to Plaintiff, which mainly parrots back the FBI letter from February 5, 2007. David Hardy Declaration (attached to Defendants' Summary Judgment Motion").

It is of no comfort that Mark Bradley of the Office of Intelligence Policy and Review ("IOPR") utterly refuses to provide any "operational" material. This whole situation should be solved by providing any relevant discovery information for court review *in camera*. *See* Defendant's Opposition at Mark Bradley Declaration. At the very least, merely because there is an executive order in place, that does not automatically mean that executive orders are permitted to trump the FOIA on confidentiality grounds. In fact, the FOIA is meant to help keep checks and balances on the three branches of government. Moreover, Mark Bradley's refusal to disclose any operational material supports having *en banc* review of such material.

Defendants' Reply keeps talking about reasonableness in determining whether to grant discovery. However, the foregoing discussion illustrates the very unreasonableness of not permitting limited or full blown discovery.

**CONCLUSION**

Wherefore, for the foregoing reasons, summary judgment and dismissal should be denied, and discovery should be permitted to proceed.

Respectfully submitted,

MARKS & KATZ, L.L.C.


__/s/ Jonathan L. Katz_____

Jonathan L. Katz
DC Bar No. 425-615
1400 Spring St., Suite 410
Silver Spring, MD 20910
(301) 495-4300
Fax: (301) 495-8815
Attorneys for Plaintiff


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was served by the CM/ECF filing system on October 9, 2007, to:

Jane M. Lyons, Esquire

___/s/ Jonathan L. Katz_____
Jonathan L. Katz