UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| JUAN CARLOS GINARTE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 06-2216 (RJL) |
| ROBERT S. MUELLER, III, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(February 19, 2008) [#8]

Juan Carlos Ginarte ("Ginarte") has sued Robert S. Mueller, III, Director of the Federal Bureau of Investigation ("FBI"), and former Attorney General Alberto Gonzales pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Currently before the Court is the Government's motion to dismiss and for summary judgment. Upon review of the pleadings and the applicable law, the Government's motion is GRANTED.

## BACKGROUND

On October 9, 2006, Ginarte submitted a FOIA request to FBI headquarters ("FBIHQ"), the FBI Joint Terrorism Task Force ("JTTF"), FBI field offices in Washington, DC, Jacksonville, Miami, Tampa, Baltimore, Newark, New York, Norfolk and Richmond and the Department of Justice's Office of Intelligence Policy and Review ("OIPR").[1] (Decl. David M. Hardy ¶ 5, Ex. A.) Ginarte requested disclosure of "any

---

[1] Ginarte's FOIA request to OIPR is not at issue in this case. Although Ginarte raised concerns about the OIPR request in his opposition and surreply briefs, (*see* Pl.'s Opp'n Mem. 8; Pl.'s Surreply 3), he failed to raise any claims relating to the OIPR request in his Complaint, *see* Fed.

1

records, documents, files, communications, memoranda, orders, agreements and/or instructions created from January 1, 1995, to the present, that were prepared, received, transmitted, collected and/or maintained by the Federal Bureau of Investigation, the Department of Justice, or any of their components or field offices, . . . relating to Ginarte."[2] (*Id.*) In November 2006, FBIHQ sent two letters to Ginarte's counsel, confirming receipt of Ginarte's FOIA requests and advising that Ginarte would be informed of the results of the search when complete. (*Id.* at ¶¶ 6, 7, Exs. C, D.) On December 27, 2006, plaintiff filed suit in this Court seeking to compel the disclosure of the documents requested. On February 5, 2007, FBIHQ advised Ginarte that it had searched the automated indices of the Central Records System at FBIHQ and various field offices, but failed to locate any records responsive to his request.[3] (*Id.* at ¶ 8, Ex. E.)

The Government has moved for dismissal of claims against improper defendants under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that federal employees are not proper party defendants under FOIA, and for summary judgment in favor of the Department of Justice ("DOJ") pursuant to Rule 56, arguing that FBI's search was adequate and, therefore, satisfied the requirements of FOIA. For the following reasons, the Court agrees.

---

R. Civ. P. 8(a) (requiring "a short and plain statement of the claim[s]").
[2] Ginarte made a similar FOIA request to the FBI on February 6, 2006. This FOIA request was the subject of another suit recently before this Court. *See Ginarte v. Mueller*, Civ. A. No. 06-1222 (D.D.C.).
[3] Plaintiff's counsel received a second letter dated May 16, 2007, repeating the information contained in the February 5, 2007 letter. (Decl. Hardy ¶ 9, Ex. F.) FBI maintains that the second letter was sent as a result of an inadvertent administrative error. (*Id.*)

2

## ANALYSIS

### A. *Proper Defendants*

The Government moves to dismiss the complaint against the Director of the FBI and the Attorney General of the United States on the ground that these officials are not proper parties to an action brought under FOIA. I agree. It is well established by now that "[i]ndividual federal employees are not subject to suit under FOIA." *Thomas v. Federal Aviation Admin.*, 2007 WL 219988, *3 (D.D.C.); *see also Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991) ("The jurisdiction of this Court to enforce FOIA is limited to enjoining agency noncompliance, § 552(a)(4)(B), and consequently no FOIA claim may be asserted against individual federal officials.") (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *Sherwood Van Lines v. United States Dep't of Navy*, 732 F. Supp. 240, 241 (D.D.C.1990); *Canadian Javelin v. SEC*, 501 F. Supp. 898, 904 (D.D.C. 1980)). "The only proper defendant in a FOIA case is a federal agency." *Thomas*, 2007 WL 219988, at *3 (citing *Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C. 2000); *Whittle*, 756 F. Supp. at 596).

In this case, DOJ is the proper party defendant.[4] *See Kidder v. F.B.I.*, 517 F. Supp.

---

[4] The Government contends that DOJ is the *only* proper party defendant in this case because FOIA only applies to agencies (such as DOJ), not to agency components (such as the FBI). (*See* Defs.' Mem. Support Mot. Dismiss 7-8.) There is some disagreement in this Circuit about whether the FBI, and like agency components, are subject to FOIA in their own names. *Compare Peralta v. U.S. Attorney's Office*, 136 F.3d 169, 173 (D.C. Cir. 1998) (noting likelihood that "FBI is subject to the FOIA in its own name"); *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1108 (D.C. Cir. 1983) (noting that the FBI "clearly [is] covered by the [Freedom of Information] Act") *with Trupel v. Drug Enforcement Admin.*, 2007 WL 1238867, *1 n.1 (D.D.C.) (holding that "FOIA provides a cause of action only against Executive Branch departments and regulatory agencies"); *Kidder v. F.B.I.*, 517 F. Supp. 2d 17, 20 n.1 (D.D.C. 2007) (finding that DOJ was the proper party defendant and dismissing FBI as party to FOIA

3

2d 17, 20 n.1 (D.D.C. 2007) ("The DOJ is an executive agency to which the FOIA applies."). Although DOJ was not named in the caption of the Complaint, the FBI, which is a component of DOJ, responded to plaintiff's FOIA request and DOJ has been defending the FBI's response in this suit. (*See* Defs.' Mem. Support Mot. Dismiss 8 n.5.) Moreover, plaintiff agreed that his Complaint should be seen as being against DOJ, instead of the alternative (*i.e.*, dismissal of his case). (Pl.'s Opp'n Mem. 5.) Accordingly, the Court dismisses all claims in this case against individual defendants Robert S. Mueller, III, Director of the FBI, and Alberto Gonzales, former Attorney General of the United States, and proceeds with DOJ's motion for summary judgment.

## B. *Summary Judgment*

Under Rule 56, summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the Court draws all reasonable inferences regarding the assertions made in a light favorable to the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Here, the Government moves for summary judgment on the ground that the searches it conducted in response to Ginarte's FOIA request were adequate, and thereby satisfied the requirements of FOIA. I agree. The standard for granting an agency

---

suit). The selection of DOJ or FBI as the proper party defendant is, however, of little practical consequence here because the Court finds that there is at least one proper party defendant in this case (*i.e.*, DOJ) and that summary judgment should be entered in the Government's favor.

summary judgment as to its claim of compliance with FOIA disclosure obligations is well established. To fulfill its obligations under FOIA, an agency must demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." *Steinberg v. U.S. Dep't of Justice,* 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate.*" *Id.* The adequacy of the search is judged by a standard of reasonableness and depends upon the facts of each case. *Weisberg*, 745 F.2d at 1485. To meet this burden, the agency may submit affidavits or declarations that explain the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Id.* at 127.

The FBI has offered the declaration of David M. Hardy, Section Chief of FBI's Record/Information Dissemination Section, who has averred that the FBI responded to Ginarte's request by searching the automated indices of its Central Record System ("CRS"). (Hardy Decl. ¶¶ 16-17.) According to Mr. Hardy, the CRS contains all information the FBI acquires in the course of its law enforcement responsibilities and includes records from FBI field offices and the JTTF.[5]  (*Id.* at ¶¶ 10, 16; Second Hardy

---

[5] Most files are maintained at FBIHQ; those pertinent to specific field offices are maintained in those offices. (Hardy Decl. ¶ 10.)

Decl. ¶ 6.) This information is organized by subject matter with each document identified by a numerical sequence. (Hardy Decl. ¶ 10.) Files are indexed according to their main subject and cross referenced by other names and organizations that appear in the file. (Hardy Decl. ¶¶ 12-14.) Searches for any main investigatory files or cross-references containing Ginarte's name, social security number or date of birth in the CRS returned no results, either at FBIHQ, the JTTF, or the nine field offices. (*Id.*)

Although Ginarte has challenged the FBI's search as inadequate, he has provided no evidence that the records he requested exist or that the scope or method of the Government's search was such that it was unlikely to succeed. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). As a result, the Court finds that FBI's search was adequate and that the Government has fulfilled its obligations under FOIA.

## CONCLUSION

For the foregoing reasons, this Court GRANTS the Government's Motion to Dismiss and for Summary Judgment. An appropriate Order consistent with this ruling accompanies this Opinion.

_____
RICHARD J. LEON
United States District Judge